**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Rachel Call**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Dynamic Comfort LLC**, an Arizona limited liability company, and **Eric S. Lawler and Jane Doe Lawler**, a married couple, | |
| Defendants. | |

Plaintiff, Rachel Call ("Plaintiff" or "Rachel Call"), sues the Defendants, Dynamic Comfort LLC and Eric S. Lawler and Jane Doe Lawler (a married couple) (collectively, all Defendants are referred to as "Defendants" or "Dynamic Comfort AC & Heating") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

-1-

2.  The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3.  Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

### JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

### PARTIES

6.  At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

-2-

7.     At all material times, Defendant Dynamic Comfort LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Dynamic Comfort LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

8.     At all relevant times, Defendant Dynamic Comfort LLC owned and operated as "Dynamic Comfort AC & Heating," a heating, ventilation, and air conditioning company doing business in Pima County, Arizona.

9.     Under the FLSA, Defendant Dynamic Comfort LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times Defendant Dynamic Comfort LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Dynamic Comfort AC & Heating's employees, Defendant Dynamic Comfort LLC is subject to liability under the FLSA.

10.     Defendants Eric S. Lawler and Jane Doe Lawler are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Eric S. Lawler and Jane Doe Lawler are owners of Dynamic Comfort AC & Heating and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

-3-

11.     Under the FLSA, Defendants Eric S. Lawler and Jane Doe Lawler are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Eric S. Lawler and Jane Doe Lawler had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Dynamic Comfort AC & Heating's employees, Defendants Eric S. Lawler and Jane Doe Lawler are subject to individual liability under the FLSA.

12.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

13.     Defendants, and each of them, are sued in both their individual and corporate capacities.

14.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

15.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

16.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

-4-

17. At all relevant times, Defendants were and continue to be "employers" as defined by the

18. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

19. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

20. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

21. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2025.

22. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2026.

23. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

25. At all relevant times, Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

-5-

**FACTUAL ALLEGATIONS**

26. Defendants own and/or operate as Dynamic Comfort AC & Heating, a heating, ventilation, and air conditioning company doing business in Pima County, Arizona.

27. In or around March 2024, Plaintiff began working for Defendants as a call center supervisor, performing non-exempt labor related to operating a customer service center for Defendants' customers.

28. At all relevant times, in her work for Defendants, Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $16.

29. At all relevant times, in her work for Defendants, Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $16 per hour, regardless of the number of hours Plaintiff actually worked.

30. At all relevant times, in her work for Defendants, Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $16 per hour, regardless of the number of hours Plaintiff actually worked, and regardless of whether she worked in excess of 40 hours in a given workweek.

31. During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 50 and 90 hours per week, depending on Defendants' needs.

32. At all relevant times, in her work for Defendants, Plaintiff was an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

33. At all relevant times, in her work for Defendants, Defendants classified Plaintiff as a W-2 employee.

-6-

34. Plaintiff worked for Defendants through approximately June 17, 2026, when Plaintiff left her employment.

35. Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during her employment with Defendants.

36. At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek.

37. Rather, Defendants engaged in the regular policy and practice of paying Plaintiff at her regular rate of pay for all time she spent working in excess of 40 hours in a given workweek.

38. During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

39. At all relevant times, Plaintiff generally worked approximately between ten (10) and fifty (50) hours of overtime per week.

40. At all relevant times, during her employment with Defendants, rather than paying an overtime premium of one and one-half times her regular rate of pay, Defendants paid Plaintiff at her regular, straight-time rate for such hours, if at all, and would place such amounts under a "bonus" or similar category.

41. To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for such hours worked.

42.     At all relevant times, in her work for Defendants, Plaintiff was a non-exempt employee.

43.     Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate her for her overtime hours.

44.     Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

45.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

46.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

47.     Plaintiff is a covered employee within the meaning of the FLSA.

48.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

49.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

-8-

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

52. In a given workweek, Defendants willfully failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a given workweek.

53. As a result of Defendants' willful failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 207.

54. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

55. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

56. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

57.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

58.     Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Rachel Call, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

    ii.     Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.     For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

-10-

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 18th day of June, 2026.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

-11-

## **VERIFICATION**

Plaintiff, Rachel Call, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

_Rachel Call (Jun 18, 2026 07:15:05 PDT)_
Rachel Call

-12-